UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MYRON GRACE,<br><br>Plaintiff,<br><br>v.<br><br>JACK THISTLEDOWN RACINO,<br><br>Defendant. | ) | CASE NO. 1:26-cv-1455<br><br>JUDGE BRIDGET MEEHAN BRENNAN<br><br>**MEMORANDUM OPINION AND ORDER** |

*Pro se* plaintiff Myron Grace filed this civil rights action under 42 U.S.C. § 1983 against Jack Thistledown Racino. (Doc. No. 1). Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2). The Court grants that application. For the following reasons, however, the Court dismisses Plaintiff's action.

## I. BACKGROUND

On June 21, 2024, Plaintiff filed a complaint against Jack Thistledown Racino in the Cuyahoga County Court of Common Pleas concerning an incident that allegedly occurred at Jack Thistledown Racino the previous day. *See Grace v. Jack Thistledown Racino*, No. CV-24-999335 (Cuy. Cty C.P. June 21, 2024). Plaintiff claimed that the defendant was giving free gifts to Jack Thistledown members, they refused to give him a gift despite Plaintiff being a member, and Defendant's security escorted him off the premises. He alleged that Defendant violated various criminal statutes and committed defamation and intentional infliction of emotional distress. Plaintiff also alleged that Defendant's actions were racially motivated. *Id.* The court granted Defendant's motion to dismiss, finding that Plaintiff's complaint failed to state a claim for relief under Ohio Civil Rule 12(B)(6), and dismissed Plaintiff's claims without prejudice. *Id.*

The Eighth District Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction, finding the trial court's dismissal of the complaint without prejudice to not be a final appealable order. *See Grace v. Jack Thistledown Racino*, No. 115574 (Ohio Ct. App. Mar. 19, 2026). The Ohio Supreme Court declined jurisdiction. *See Grace v. Jack Thistledown Racino*, No. 2026-0497 (Ohio July 7, 2026).

Plaintiff now brings this action in federal court. Plaintiff alleges in four conclusory statements devoid of any factual support that he was accused of making a terrorist threat "motivated by racism," he was embarrassed when he was removed from the property "motivated by racism," Defendant's employees "acted racist toward me," and "false accusations and imprisonment when forced to leave Thistledown Racino, motivated by racism." (Doc. No. 1 at 3). Plaintiff attaches to his complaint a "Memorandum in Support of Jurisdiction" in which he alleges the trial court dismissed his complaint "in error," and he raises several purported "constitutional errors" in the state court's decision. (*See* Doc. No. 1-1). Plaintiff alleges that the state courts failed to consider that racism was a motivation for the treatment he received at Jack Thistledown Racino, the "false terrorist threat accusation" was motivated by racism, and the state courts did not properly analyze numerous state laws. (*Id.*). Plaintiff requests monetary relief.

## II. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990);

*Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Federal Rule of Civil Procedure 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III. ANALYSIS

It is abundantly clear that Plaintiff's complaint is an attempt to appeal the state court judgment in *Grace v. Jack Thistledown Racino*, Case No. CV-24-999335, in the hopes of obtaining a reversal of that judgment. To that extent, the *Rooker-Feldman* doctrine bars this Court's consideration of his claims.

Under the *Rooker-Feldman* doctrine, a party losing his or her case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *see also Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting *Pennzoil Co.*, 481 U.S. at 25)), amended on other grounds, 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16.

The *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299. If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008).

Here, the source of Plaintiff's injury appears to be the state court judgment itself. Although Plaintiff brings this action against Jack Thistledown Racino, the entirety of his "Memorandum in Support" of his complaint is an attack on the state court judgment. He alleges numerous purported errors in the judgment, and he appears to seek this Court's review of that judgment by posing questions to the Court such as "should the … Ohio courts have taken racism into account," should the Ohio courts have considered that Plaintiff was falsely accused of making a terrorist threat, and do the judgments of the Cuyahoga County Common Pleas Court and the Eighth District Court of Appeals "reek of racism." (*See* Doc. No. 1-1 at 4). Pursuant to *Rooker-Feldman*, this Court lacks subject matter jurisdiction to review the state court judgment.

## IV. CONCLUSION

Accordingly, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*. (Doc. No. 2). For the reasons stated herein, the Court DISMISSES this action pursuant to 28 U.S.C. §1915(e). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

Date: August 24, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE